IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Willie James Ervin, ) | C/A No. 6:16-cv-01294-BHH-KFM |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Warden of Broad River Corr. Inst., ) | |
| Respondent. ) | |

## **BACKGROUND**

On December 6, 1996, the petitioner was convicted by a jury in the Greenwood County Court of General Sessions of kidpnapping and assault with intent to commit criminal sexual conduct; he received a life sentence for each conviction, to run concurrently (docs. 1 at 1; 1-2 at 2). The petitioner appealed the assault with intent to commit criminal sexual conduct conviction, and the South Carolina Court of Appeals reversed his conviction (docs. 1 at 1; 1-2 at 1–7). In the instant petition, the petitioner alleges that his appellate counsel was ineffective for failing to appeal his kidnapping conviction and that a conviction for kidnapping does not carry the possibility of a life sentence (doc. 1 at 5). He seeks to have his kidnapping conviction vacated (*id.*).

The petitioner has previously challenged the same conviction and sentence in this Court. *See Ervin v. Rushton*, C/A No. 6:04-23176-GRA-WMC (D.S.C.). The previous petition was denied as untimely on January 1, 2006, and on February 17, 2006, the petitioner filed a notice of appeal. *Id.* The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. *See Ervin v. Rushton*, No. 06-6289 (4th Cir. Aug. 1, 2006). On April 22, 2016, the petitioner filed a motion for authorization to

file a successive habeas application. *See In re: Ervin*, No. 16-419 (4th Cir. 2016). The Fourth Circuit Court of Appeals denied the motion on May 18, 2016.[1] *Id.*; *see Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

## DISCUSSION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. The petitioner filed this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. This statute authorizes the Court to dismiss a case if it is satisfied that the action fails to state a claim on which relief may be granted, is frivolous or malicious, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Additionally, this Court is charged with screening the petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the

---

[1]In his petition, it appears the petitioner asserts that the Fourth Circuit Court of Appeals granted his motion for authorization to file a successive habeas application (doc. 1 at 13).

petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

This action should be dismissed because it is successive to the petitioner's first § 2254 action which was decided on the merits and the petitioner has not received permission from the Fourth Circuit Court of Appeals to file this action in this Court. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008) (for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits which includes a prior dismissal of a petition as untimely).

On April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") amended 28 U.S.C. § 2254 and other habeas statutes.

> The AEDPA effected a number of substantial changes regarding the availability of federal postconviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651 . . . (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals.

*In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). The "gatekeeping" mechanism created by the AEDPA amended § 2244(b) to provide:

> The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application

3

> makes a prima facie showing that the application satisfies the requirements of" § 2244(b). § 2244(b)(3)(C); *see* §§ 2244(b)(3)(B), (D).

*Felker v. Turpin*, 518 U.S. 651, 657 (1996).

In order for this Court to consider a successive § 2254 petition, the petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277, 278 (4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542, 543 (4th Cir. 2003). Because the petitioner was unable to obtain authorization from the Fourth Circuit Court of Appeals to file this petition, this Court does not have jurisdiction to consider it. *See United States v. Winestock*, 340 F.3d 200, 205–06 (4th Cir. 2003).

## **RECOMMENDATION**

Accordingly, it is recommended that the § 2254 petition be dismissed without prejudice and without requiring the respondent to file an answer or return. The petitioner's attention is directed to the important notice on the next page.

June 10, 2016  
Greenville, South Carolina

s/Kevin McDonald  
Kevin F. McDonald  
United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).