IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Willie James Ervin,                    )
                                       )
        Petitioner,            )
                                       )     Civil Action No. 6:16-1294-BHH
v.                                     )
                                       )     **AMENDED ORDER**
Warden of Broad River Corr. Inst.,     )
                                       )
        Respondent.           )
_____ )

        This matter is before the Court on Petitioner Willie James Ervin's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

        On June 10, 2016, Magistrate Judge Kevin F. McDonald filed a Report and Recommendation ("Report") outlining Petitioner's prior federal habeas corpus challenge to his state court convictions for kidnapping and assault with intent to commit criminal sexual conduct, and recommending that the Court summarily dismiss this § 2254 petition without prejudice and without requiring Respondent to file an answer or return. *See Ervin v. Rushton*, No. 6:04-23176-GRA-WMC (D.S.C.) (denying Petitioner's first § 2254 petition as untimely); *Ervin v. Rushton*, No. 06-6289 (4th Cir. Aug. 1, 2006) (denying a certificate of appealability and dismissing appeal); *see In re: Ervin*, No. 16-419 (4th Cir. 2016) (denying Petitioner's motion for authorization to file a successive habeas corpus petition). As the Magistrate Judge noted, the instant § 2254 petition is successive to Petitioner's first § 2254 petition, which was denied as untimely, and Petitioner has not received authorization from

the Fourth Circuit Court of Appeals to file this action. *See Henderson v. Bazzle*, No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (noting that for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits, which includes a prior dismissal of a petition for untimeliness). Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that the instant § 2254 petition should be dismissed because it is successive and Petitioner has not received authorization from the Fourth Circuit to file this action.

Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 13) and dismisses this action without prejudice and without requiring Respondent to file an answer or return.

**IT IS SO ORDERED.**                    s/Bruce H. Hendricks

                                         Bruce Howe Hendricks
                                         United States District Judge

November 16, 2016
Charleston, South Carolina

# CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir.2001). Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.